UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICOLA LIANTONIO, JR., on behalf of himself and all others similarly situated,

          Plaintiff,

- against -

JOEL W. LAVINTMAN D/B/A GOGGINS & LAVINTMAN, P.A.,

          Defendant.

Case No. 2:11-cv-1292-SJF-AKT

---

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO FILE AN AMENDED COMPLAINT

### INTRODUCTION

Defendant Goggins & Lavintman, P.A. ("Defendant"), incorrectly named Joel W. Lavintman d/b/a Goggins & Lavintman, submits this response in opposition ("Opposition") to the cross-motion of Plaintiff Nicola Liantonio, Jr. ("Plaintiff") to file an amended complaint ("Motion to Amend"). Plaintiff submitted his Motion to Amend and Response to Defendant's Motion to Dismiss in the form of a single brief. This Opposition is limited to a discussion of the arguments raised by Plaintiff in his Motion to Amend. Defendant has addressed Plaintiff's Response to Defendant's Motion to Dismiss in its Reply. *See* Doc. No. 12.

### FACTS

**I.    THE BUSINESS OF DEFENDANT.**

Defendant is a law firm that specializes in the collection of debts from consumers. Answer, Ex. A, Affidavit of Joel Lavintman ("Lavintman Aff.") ¶ 4. Its place of business is located in Minnesota. *Id*. Defendant does not currently, nor has it ever maintained offices in any other state. *Id*.

1632305

On August 13, 2010, the date of the Letter (defined below), Defendant's policy and procedure with respect to debts placed with it for collection was that it would deposit all checks it received from debtors exclusively at one of several Wells Fargo Bank, N.A. ("Wells Fargo") branch offices, all located in Minnesota. *Id*. at ¶ 5. Defendant did not and does not deposit checks it receives from consumers at any banks or locations outside of Minnesota. *Id*.

Defendant presents all checks it receives from consumers for payment in Minnesota. *Id*. at ¶ 6. Further, Defendant only provides consumers with a Minnesota address for mailing payments to Defendant. *Id*. at ¶ 7. If a check received from a consumer and presented for payment at Wells Fargo is dishonored and returned to Defendant by Wells Fargo, a service charge of $30 is added to the returned check and, if warranted, Defendant seeks to impose additional civil penalties as permitted by Minn. Stat. § 604.113, Subd. 2. *Id*. at ¶ 8.

## II.     PLAINTIFF'S DEBT AND THE COLLECTION LETTER.

Plaintiff owed a debt to Midwest Recovery Fund ("MRF") in the amount of $296.77 ("Debt"). Compl. ¶ 3, Ex. A. Defendant, on behalf of MRF, sought to collect the Debt from Plaintiff. *Id*. at ¶¶ 3, 10. On or about August 13, 2010, Defendant mailed a collection letter ("Letter") to Plaintiff. *Id*. at ¶ 11. The Letter included the following conspicuously posted notice ("Notice"):

> Notice: A service charge of $30 will be added on all returned checks to this office. Additional civil penalties may be imposed for nonpayment. Minn. Stat. § 604.113, Subd. 2.

*Id*. at ¶ 12, Ex. A.

## III.    PLAINTIFF'S INITIAL COMPLAINT.

On March 17, 2011, Plaintiff filed his current complaint ("Complaint"). Doc. No. 1. In his Complaint, Plaintiff acknowledges that the language set forth above may be sufficient for Minnesota consumers. Compl. ¶ 13. However, Plaintiff alleges that because he is a New York

2

resident, the language deceptively and falsely threatened that Defendant could impose a fee of $30.00 for a returned check when the maximum that could be imposed under New York law is $20.00. *Id*. at ¶ 16. Thus, Plaintiff alleges that the Letter violates sections 1692e, 1692e(5) and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. *Id*. at ¶¶ 13-16.

### IV.   PLAINTIFF'S PROPOSED AMENDED COMPLAINT.

On July 13, 2011, Defendant served its motion to dismiss or, alternatively, for summary judgment ("Motion to Dismiss") on Plaintiff. *See* Doc. No. 4. In response, on August 24, 2011, Plaintiff served his Motion to Amend and response to Defendant's Motion to Dismiss. *See* Doc. No. 9. The alleged violations of law set out in Plaintiff's proposed amended complaint ("Amended Complaint") arise out of the same Letter that is at issue in Plaintiff's current Complaint.

In the Amended Complaint, Plaintiff alleges that the Letter violates sections 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f(1) of the FDCPA. Amend. Compl. ¶ 47. In support of his claims, Plaintiff alleges that Defendant engaged in the following allegedly unlawful conduct:

(i)  Defendant failed to conspicuously post the Notice as required by Minnesota law;

(ii) Defendant threatened to impose civil penalties on Plaintiff that it does not cause to be imposed on consumers;

(iii) Defendant threatened that it could impose a fee of $30.00 for a returned check when the maximum that could be imposed under New York law is $20.00; and

(iv) No attorney employed by Defendant reviewed Plaintiff's account before the Letter was sent to Plaintiff.

*Id*. at ¶¶ 10-57.

## LEGAL ARGUMENT

I. **LEGAL STANDARD.**

Federal Rule of Civil Procedure 15(a) governs the pre-trial amendment of pleadings. The Rule allows a party to amend its pleading once "as a matter of course," as defined by the Rule. Fed. R. Civ. P. 15(a). Thereafter, a party may amend its pleading only with the opposing party's consent or the court's leave. *Id*. According to the Rule, a court "should freely give leave when justice so requires." *Id*. But parties do not have an absolute right to amend their pleadings. *See United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Indeed, "a motion to amend should be denied if there is an 'apparent or declared reason--such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). Adequate grounds exist in this case to deny Plaintiff's Motion to Amend.

II. **PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED.**

   A. **Plaintiff's Motion to Amend is Brought in Bad Faith and with a Dilatory Motive.**

In its Motion to Dismiss and Reply in support of that motion, Defendant details the meritless nature of the claims in Plaintiff's current Complaint. In an attempt to overcome the futility of his claims, Plaintiff served his Motion to Amend. Plaintiff's Motion to Amend is nothing more than an attempt by Plaintiff to manufacture claims where none exist. Indeed, Plaintiff's Amended Complaint is checkered with legal conclusions couched as factual allegations. In addition, Plaintiff makes several new allegations "upon information and belief." Yet, Plaintiff's Motion to Amend does not specify any evidentiary basis for the allegedly newly-

acquired knowledge or explain why Plaintiff failed to include the allegations in his current Complaint.  The reason is clear: Plaintiff has no basis for these new allegations.  They are being made simply to defeat Defendant's properly supported Motion to Dismiss.  This motivation has been held to justify the denial of permission to file an amended complaint.  *See Reisner v. Gen. Motors Corp.*, 511 F. Supp. 1167, 1172-74 (S.D.N.Y. 1981).

The Court should not allow Plaintiff to go on a fishing expedition in the hope of uncovering some possible evidence of unlawful conduct.  *See, e.g., Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997).  Accordingly, Plaintiff's Motion to Amend should be denied.

      **B.**      **Plaintiff's Proposed Amendments are Futile.**

In his proposed Amended Complaint, Plaintiff asserts claims against Defendant under sections 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f(1) of the FDCPA.  Plaintiff's claims allegedly arise out of the same Letter that is at issue in the current Complaint.  Defendant addressed the meritless nature of Plaintiff's 1692e, 1692e(5), and 1692e(10) claims in Defendant's Motion to Dismiss and Reply in support of that motion, and therefore Defendant will not repeat those arguments in this Opposition.  Rather, Defendant will address the futility of Plaintiff's newly-asserted 1692e(3) and 1692f(1) claims.

In the Second Circuit, "[a] proposed amendment would be futile if it could not withstand a motion for judgment on the pleadings."  *Richardson v. AllianceOne Receivables Mgmt., Inc.*, 2004 WL 867732, at * 3 (S.D.N.Y. April 23, 2004); *see also Tri-State Judicial Serv., Inc.*, 624 F. Supp. 925, 926 (E.D.N.Y. 1985) ("In this Circuit, an amendment is considered futile if the amended pleading fails to state a claim,…or would be subject to a motion to dismiss on some other basis.").  As set forth below, Plaintiff's claims under sections 1692e(3) and 1692f(1) of the FDCPA would not survive a motion to dismiss.

1. Plaintiff's Section 1692e(3) Claim is Futile.

In his Amended Complaint, Plaintiff asserts a claim against Defendant under section 1692e(3) of the FDCPA. That section prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). In support of the 1692e(3) claim, Plaintiff alleges that the Letter bears the facsimile signature of Defendant, but "upon information and belief," no attorney employed with Defendant reviewed Plaintiff's account prior to sending the Letter. Amend. Compl. ¶¶ 41-46.

Plaintiff relies on *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993), in support of his attempt to establish Defendant's alleged liability under section 1692e(3). Plaintiff's reliance on that case is misplaced. Indeed, *Clomon* established that a collection letter with an attorney's signature, standing alone, implies a level of attorney involvement. *Id*. at 1320-21. *Clomon* also established that such a letter is misleading if an attorney was not involved in the matter. *Id*. However, *Clomon* suggested that attorney involvement may not be implied where the letter at issue includes language to the contrary. *Id*. at 1321 ("We have also found here that the use of an attorney's signature implies--at least in the absence of language to the contrary--that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.") (emphasis added).

The Second Circuit addressed the issue left open by *Clomon* in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). In *Greco*, the plaintiff received a collection letter from the defendant, a law firm. *Id.* at 361. The letter was printed on law firm letterhead and contained the firm's name in the signature block. *Id.* The letter included the following language: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.* The plaintiff filed suit, claiming that the letter violated sections 1692e, 1692e(3), and 1692e(10) of the FDCPA because it misleadingly represented the

6

level of attorney involvement. *Id.* at 362. The district court granted the defendant's Rule 12(c) motion to dismiss, determining that, as a matter of law, the letter did not misleadingly represent attorney involvement because it included an express disclaimer of the same. *Id.*

The Second Circuit affirmed the dismissal on appeal. *Id*. at 363-65. In doing so, it held that the collection letter did not violate the FDCPA because, unlike the letter in *Clomon*, it included a clear disclaimer explaining the limited extent of the law firm's involvement in the collection of the plaintiff's debt. *Id*. Clarifying its prior holding in *Clomon*, the Second Circuit explained:

> One cannot, consistent with FDCPA, mislead the debtor regarding meaningful "attorney" involvement in the debt collection process. But it does not follow that attorneys may participate in this process only by providing actual legal services. In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, **so long as that letter includes disclaimers** that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

*Id*. at 364 (emphasis added).

Here, as in *Greco*, Defendant included a clear disclaimer in the Letter explaining the limited extent of Defendant's involvement in the collection of Plaintiff's Debt. The disclaimer provides as follows:

> Midwest Recovery Fund has placed your above-referenced delinquent account with this law firm for collection. **We have not independently verified this claim, but rather relied on the information provided to us by our client.**

Compl. ¶ 3, Ex. A (emphasis added). The disclaimer is clearly displayed in the Letter. Indeed, it is set forth in the first paragraph thereof. In addition, the Letter does not include threats of legal action or other language that might contradict the disclaimer. Instead, the Letter makes clear that Defendant was acting merely as a debt collector at the time it sent the Letter to Plaintiff.

Defendant's Letter clearly does not falsely represent or imply attorney involvement. As a result, the Court should follow the directive of *Greco* and determine that Plaintiff's 1692e(3) claim is meritless.

2. Plaintiff's Section 1692f(1) Claim is Also Futile.

In his Amended Complaint, Plaintiff asserts a claim against Defendant under section 1692f(1) of the FDCPA. That section prohibits the "collection of any amount…unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In support of the 1692f(1) claim, Plaintiff alleges that Defendant threatened to impose an excessive service charge and impermissible civil penalties on dishonored checks. Amend. Compl. ¶ 27.

As a threshold matter, Plaintiff does not allege that Defendant *attempted* to collect an impermissible amount from Plaintiff. He merely alleges that Defendant *threatened* to do so. More importantly, Plaintiff cannot make such an allegation. Indeed, Defendant did not impose the alleged unlawful service charge and civil penalties on Plaintiff as he never made a payment via a worthless check, in order to trigger such a charge. Thus, Defendant did not attempt to collect an impermissible amount from Plaintiff, and there can be no violation of section 1692f(1) here.

Regardless, for the reasons set forth in Defendant's Motion to Dismiss and Reply in support of that motion, Minnesota law can and should govern. Here, the Notice in the Letter provides that Defendant may impose a service charge of $30 and additional civil penalties on a dishonored check. Those fees and penalties are expressly permitted by Minnesota law. *See* Minn. Stat. § 604.113. Plaintiff's 1692f(1) claim is therefore meritless. *See Tuttle v. Equifax*

*Check*, 190 F.3d 9, 15 (2d Cir. 1999) (Section 1692f(1) not violated where charge authorized by statute).

## CONCLUSION

Based on the arguments set forth above, Defendant respectfully requests that the Court deny Plaintiff's Motion to Amend.

Dated: Valhalla, New York
September 6, 2011

        /s/  Sergio Alves
Sergio Alves
KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
GOGGINS & LAVINTMAN, P.A.
200 Summit Lake Drive
Valhalla, New York 10595
Phone: (914) 449-1000
Fax: (914) 449-1100
E-mail: salves@kbrlaw.com

1632305

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

>Adam J. Fishbein, Esq.
>Attorney for the Plaintiff
>NICOLA LIANTONIO, JR.
>483 Chestnut Street
>Cedarhurst, NY 11516

>>/s/ Sergio Alves
>>Sergio Alves

1632305