UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
NICOLA LIANTONIO, JR. on behalf of himself and
all others similarly situated
                            Plaintiff,

        -against-                              11 CV 1292 (SJF) (AKT)

JOEL W. LAVINTMAN D/B/A
GOGGINS & LAVINTMAN, P.A.

                        Defendant.

-------------------------------------------------------------

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S CROSS MOTION TO
<u>FILE AN AMENDED COMPLAINT</u>**

Dated: Cedarhurst, New York
September 23, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

1

## TABLE OF CONTENTS

**PLAINTIFF CAN PROPERLY FILE AN AMENDED COMPLAINT**
**AT THIS TIME WHERE THE CLAIMS ARE NOT FUTILE**        3

**DEFENDANT'S LETTER IS THE CLASSIC ATTORNEY REVIEW ISSUE**       5

**DEFENDANT'S THREATENING THE THIRTY DOLLAR BOUNCED CHECK**
**FEE TO A NEW YORK RESIDENT IS CLEARLY WRONG**        7

**PLAINITFF IS NOT ENGAGING IN A FISHING EXPEDITION**        7

**1692f(1) CAN APPLY TO A THREAT TO COLLECT AS WELL**        9

**CONCLUSION**        9

## PLAINTIFF CAN PROPERLY FILE AN AMENDED COMPLAINT
## AT THIS TIME WHERE THE CLAIMS ARE NOT FUTILE

Rule 15(a) of the Rules of Civil Procedure provides that a party may amend its pleadings by leave of court and that such "leave shall be freely given when justice so requires." *See also Stuart v. Frederick R. Ross Investment Co.*, 773 P.2d 1107, 1110 (Colo. App. 1988) ("Only if an opposing party can demonstrate prejudice to it . . . is the denial of a motion to amend appropriate."), *cert. denied* (1989).[1]

The Defendants' opposition relies upon the Defendants' limited contextual

---

[1] While it is axiomatic that we are in federal court, by illustration, New York courts have held that, in the absence of prejudice to the defendant, the amendment of a pleading should be freely granted by a court. *See, Kushner v. Queens Transit*, 97 AD2d 432 (2d Dept. 1983); *Sotomayor v. Princeton Ski Outlet Corp.*, 199 AD2d 197 (1st Dept. 1993). It is also well established law that a motion to amend a pleading should be freely given absent a showing by an opposing party of surprise or prejudice. *Zacher v. Oakdale Islandia Ltd. Partnership*, 211 AD2d 712 (2d Dept. 1995); *Santori v. Met Life*, 11 AD3d 597 (2d Dept. 2004).

Since this action has not been pending for a significant period of time, and is not on the eve of trial, no prejudice could be shown by defendants to the amendment of the Complaint. *See, e.g., Kopel v. Chiulli*, 175 AD2d 102 (2d Dept. 1991). Case law has held that delay in seeking to amend the Complaint does not bar such relief. *Haven Associates v. Douro Realty Corp.*, 96 AD2d 526 (2d Dept.1983).

Federal Rule of Civil Procedure 15(a) provides a liberal standard by which federal courts are to judge the propriety of allowing a party to amend its complaint. Where the party moves the court for leave to do so, the rule provides "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also*, *Leaseamerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983). In the landmark case of *Foman v. Davis*, the Supreme Court stated "this mandate is to be heeded." 371 U.S. 178, 182 (l962); (quoted in *Triplett v. Leflore County*, 712 F.2d 444 (10th Cir. 1983)). The *Foman* Court further held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may
be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182.

Courts apply Rule 15(a)'s liberal standard and permit parties to amend their complaints in circumstances such as the instant case. *See Leaseamerica Corp.*, 710 F.2d at (finding leave to amend properly granted where no prejudice to opposing party); *Triplett*, 712 F.2d at 446 (finding lower court erred in refusing party leave to amend complaint where motion to amend not untimely and no prejudice to opposing party shown). Therefore, under Rule 15's liberal standard, this Court should permit the Plaintiff to amend its complaint as detailed in the motion accompanying the amended complaint

In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." Id. at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure

3

deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Id.

Just to illustrate an example from another Circuit, in *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" Id. at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that even amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc*., 868 F.2d 401, 406 (11th Cir. 1999).  The Eleventh Circuit noted the following with respect to Rule 15(a):

The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc*., 713     F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule    15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp*., 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).  "District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." *Grayson v. Kmart Corp*., 79 F.3d 1096, 1110 (11th Cir. 1996) (citing *Espey*, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594).

Rule 15(a)(2), Federal Rules of Civil Procedure, governing amended and supplemental pleadings, provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." C. Wright et al., Federal Practice and Procedure § 1484 (2010).

Of the pertinent factors identified by the courts, prejudice to the opposing party is the most important to consider in determining whether leave to amend should be granted: improved clarification and the addition of a legal cause of action is never considered prejudice to the opposing party.

Amendments under Rule 15(a)(2) may be made at any stage of the litigation. The only prerequisites are that the district court have jurisdiction over the case and an appeal must not be pending.  If these two conditions are met, the court will proceed to examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave normally will be granted.

There is no prescribed "time limit within which a party may apply to the court for leave to amend." Id. at § 1488. Indeed:  [t]he courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These include: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal.  Id. (citations omitted).

Under Rule 15's liberal standard, this Court should permit the Plaintiff to amend the complaint. The

misrepresentation of the Motion for Leave to File an Amended Complaint. A motion to the Court is meant as an entire document, and is not one for which the Court is given selective listening where one part is ignored in order to misconstrue another part.

With the entire motion representing the changes made and the Complaint itself demonstrating those causes of action without changing the facts of the case, FDCPA was violated and that justice requires such modifications. Substantially, the same set of facts is in play only the clarity of the violations is improved with the amended complaint. However, plaintiff has added a serious violation of being in violation of not having reviewed the account before the collection letter was sent.

## **DEFENDANT'S LETTER IS THE CLASSIC ATTORNEY REVIEW ISSUE**

Defendant has recognized the strength of plaintiff's citing to *Clomon v. Jackson* and has correctly cited to *Greco v. Trauner* which sets forth a sentence which properly makes clear and qualifies an attorney's involvement in the collection process. Frankly the sentence quoted the collection letter at issue properly sets forth the maximum obligations of an attorney in reviewing a file. Before sending out a collection letter, the attorney must review the file. The attorney does not have to engage in an independent

---

amended complaint with its improvements clarify and facilitate justice on the legal merits.

The supreme Court's ruling in *Czosek v. O'mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970) makes this clear, if any doubt based upon other precedents, had therefore existed. The Court held.

Where courts are called upon to fulfill their role as the primary guardians of the duty of fair representation, 'complaints should be construed to avoid dismissals and the plaintiffs at the very least 'should be given the opportunity to file supplemental pleadings unless it appears "beyond doubt" that he cannot state a good cause of action.'" 397 U.S. at 27, 90 S.Ct. at 772.

investigation and conduct a mini trial in his or her mind before sending out a collection letter. Here, in other words, the defendant has properly informed the consumer that the attorney has relied upon the file and information and that has been presented to him before having sent out the collection letter. The least sophisticated consumer would understand that that what the letter represents is all that an attorney would do. Even a shrewd consumer would not understand that there was no attorney involvement. On page eight of defendant response brief to the within motion, defendant admits that the defendant did not review the file but merely acted like a debt collector. He admits that there is no attorney involvement. However, the letter acknowledges that the attorney has relied and by strong implication includes the word reviewed the information provided by the client.

      More recently on September 8, 2011 Judge Castel in the Southern District of New York decided *Suquilanda v. Cohen & Slamowitz* (attached hereto) where in that matter the letter presented the consumer with a settlement offer. That letter did not contain a facsimile signature (*Clomon v. Jackson*) but merely included a typewritten ending Very truly yours, Cohen & Slamowitz. Judge Castel concluded that since the letter included the law firm letterhead, there was an implication of attorney involvement. Here, there is more than just a law firm letterhead, but a facsimile signature with a statement that the attorney has affirmatively relied upon the information provided by the client. There is no disclaimer that the attorney did not review the file. And again, there is no obligation that the attorney do more than rely upon the information provided by the client.

## DEFENDANT'S THREATENING THE THIRTY DOLLAR BOUNCED CHECK FEE TO A NEW YORK RESIDENT IS CLEARLY WRONG

It is counsel's belief that the American Collectors Association and/or other well known advisors to the collection industry make it clear to all its members that when they mention a returned check fee the safe harbor language which should be used to avoid such liability the general language used is "any check returned for insufficient funds or account closed may be assessed a processing fee for the maximum which is permitted by your state"

If defendant violated the Minnesota law by not posting a proper notice then it would be considered that defendant is threatening to take action that can not legally be taken as opposed to the *Richardson* decision (state law violation was only an omitting a license number).  In accordance with the Minnesota law, the defendant can only impose the fee if the notice is conspicuous.  Therefore, defendant can only threaten to charge $30.00 in Minnesota if there is a proper conspicuous notice.

## PLAINITFF IS NOT ENGAGING IN A FISHING EXPEDITION

For the most all that plaintiff has done by motion to file an amended complaint is to clarify the initial complaint.  On page five of the defendant's memorandum, defendant cites to *Gardner v. Howard*, cited by the defendant.  However, defendant is just merely grasping at straws.  That decision had nothing to do with amending but about extensive unsupported discovery requests.  Defendant's counsel is mixing apples and oranges.

7

Defendant is just making broad statements to attempt to defeat plaintiff's well pleaded proposed amended complaint. Plaintiff has clarified the implication made by the defendant's inclusion of the threat to impose additional charges. Plaintiff has merely expanded the 1692e(5) violation that not only is it unlawful for the defendant to include the language about imposing a thirty dollar bounced check fee, but plaintiff alleges that defendant has not imposed that fee upon New York consumers.

The travel of a collection scenario would be as follows: A New York consumer would send the defendant a check to pay the balance or a portion thereof which would be returned for insufficient funds. Then the defendant would send the New York resident a letter sent into the State of New York imposing the thirty dollar charge plus other civil penalties as defendant falsely threatens in the collection letter. It is axiomatic that when sending a letter to a New York resident, the out of state collection agency/ law firm defendant must comply with New York law when adding additional charges. When communicating with a New York resident, the New York law applies where there is no agreement to the contrary.

Defendant has made it crystal clear throughout the briefing that actually <u>defendant</u> is seeking an advisory opinion. Defendant is essentially and absurdly trying to argue that since the Court cannot issue an advisory opinion in plaintiff's favor therefore issue an advisory opinion in defendant's favor that Minnesota law applies. But actually we do not need and advisory opinion because when dealing in interstate commerce, one must comply with the target's state's laws.

## **1692f(1) CAN APPLY TO A THREAT TO COLLECT AS WELL**

Plaintiff submits that defendant has avoided citing to authority within the district courts of New York. Defendant has advanced the argument that 1692f(1) applies only where the charge is imposed. However, apparently, defendant has ignored *Shami v. National Enterprise Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010) and *Larsen v. JBC Legal Group, P.C.* While defendant did cite to them on page four of its reply brief in further support of its motion to dismiss, it only stated that the these two cases are inapplicable because Minnesota law applies. It did not make mention of these two cases in its response brief to the within motion. However, the point is that if Minnesota law does not apply, then the decisions in these matter properly plead a claim under 1692f(1). However, to appease the defendant's misplaced concern that the 1692f(1) does not apply where the charges have not been collected, assuming *arguendo* that the Court grants the plaintiff the opportunity to file an amended complaint, plaintiff requests leave to include an allegation under 169e(2)(B) concerning violation of a false representation of amount for compensation of an amount collected for collection of a debt. The threat to impose the additional $30.00 charge and the civil penalties falls under this section of the FDCPA. Also, plaintiff submits that it is included where plaintiff has pled a violation of the general section of 1692e.

## **CONCLUSION**

WHEREFORE, plaintiff respectfully requests that the Court deny defendant's motion to dismiss and grant plaintiff's cross-motion to file an amended complaint.

9

Dated: Cedarhurst, New York
September 23, 2011

Respectfully submitted,

/s/
_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411