UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLA LIANTONIO, JR., on behalf of himself and
all others similarly situated,

                                        Plaintiff,

                                                                **ORDER**
          -against-                                             11-CV-1292 (SJF)(AKT)

JOEL W. LAVINTMAN D/B/A GOGGINS &
LAVINTMAN, P.A.,                                                **FILED**
                                                                IN CLERK'S OFFICE
                                                                U S DISTRICT COURT E D N Y

                                        Defendant.
------------------------------------------------------------------X              ★     SEP 27 2012     ★

FEUERSTEIN, J.                                                  **LONG ISLAND OFFICE**


On March 17, 2011, plaintiff Nicola Liantonio, Jr. ("plaintiff") brought this action against

defendant Joel W. Lavintman d/b/a Goggins & Lavintman, P.A. ("defendant") alleging violations

of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Presently

before the Court are: (1) defendant's motion for judgment on the pleadings pursuant to Federal

Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment pursuant to Federal

Rule of Civil Procedure 56 [Docket Entry No. 10]; and (2) defendant's cross-motion to file an

amended complaint [Docket Entry No. 11]. For the reasons that follow, defendant's motion for

judgment on the pleadings is GRANTED and plaintiff's motion for leave to amend the complaint

is DENIED.

I.        Factual Background

          Plaintiff is a resident of New York state. Joel W. Lavintman is an attorney licensed to

practice in the state of Minnesota, and Goggins & Lavintman, P.A. is a for-profit debt collector

1

with its principal place of business in Mendota Heights, Minnesota. Compl. at ¶¶ 4-6.

According to the complaint, Mr. Lavintman oversees the firm's consumer debt collections. Id. at ¶ 17.

On or about August 13, 2010, defendant sent plaintiff a letter at a New York address in an attempt to collect an outstanding debt. Id. at ¶ 11. The letter states as follows:

Dear Nick Liantonio Jr.

Midwest Recovery Fund has placed your above-referenced delinquent account with this law firm for collection. We have not independently verified this claim, but rather relied on the information provided to us by our client.

Your creditor has authorized us to extend a limited time settlement of this account for 70% of the balance that they show to be past due. The settlement details are:

   Amount Now Owed: $296.77       Settlement Amount: $207.74

This settlement offer does not affect, in any way, your rights that are described below. You may call us to discuss this matter at the toll free telephone number listed above.

NOTE: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Yours Truly,

Joel W. Lavintman

Attorney at Law

This letter, from a debt collector, is written for debt collection purposes and any information obtained will be used solely for debt collection purposes.

Docket Entry No. 1. A payment slip attached to the letter also stated: "**Notice: A service charge of $30 will be added on all returned checks to this office. Additional civil penalties may be imposed for nonpayment. Minn. Stat. § 604.113, Subd. 2." Id.

Plaintiff argues that New York state law sets the maximum service charge for a returned check at twenty dollars, Compl. at ¶ 15 (citing GEN. OBLIG. LAW § 5-328 (McKinney 2012), and that defendant was therefore not legally authorized to threaten a returned check service charge of thirty dollars. The complaint does not allege that plaintiff actually incurred any service charges but rather claims that defendant's statement constituted: a "false, deceptive, or misleading representation" in violation of 15 U.S.C. § 1692e; a "threat to take [an] action that cannot legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5); and a "use of [a] false representation or deceptive means to collect or attempt to collect [a] debt or to obtain information concerning a consumer" in violation of 15 U.S.C. § 1692e(10). Id. at ¶ 23. Plaintiff does not allege any actual loss but seeks statutory damages and attorneys' fees pursuant to 15 U.S.C. § 1692k. Id. at ¶ 30.

II.     Discussion

A.     Motion for Judgment on the Pleadings Standard

In deciding a motion pursuant to Rule 12(c), the Court employs the same standard as in deciding a Rule 12(b)(6) motion to dismiss. Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not

do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

"On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "'A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.'" Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

B.      The Fair Debt Collection Practices Act

"Congress enacted [the] FDCPA in order 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

to protect consumers against debt collection abuses.'" Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. § 1692(e)). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). Courts view debt collection letters from the perspective of the "least sophisticated consumer," applying an "objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco, 412 F.3d at 363 (citation and internal quotation marks omitted).

C.    Analysis

Defendant moves for judgment on the pleadings on the grounds that: (1) plaintiff is seeking an advisory opinion; (2) the letter's statement was not actually false because a thirty dollar returned check service charge is permitted under Minnesota law; and (3) plaintiff's claim is based upon an "ingenuous misreading" of the letter. Defendant's Motion to Dismiss [Docket Entry No. 10]. The Court need not address the first and third arguments because the complaint fails to identify any false, deceptive or misleading statement within the letter and thus does not adequately allege a violation of the FDCPA.

State laws in New York and Minnesota set different maximum service charges for dishonored checks. Compare N.Y. GEN OBLIG. LAW § 5-238 (McKinney 2012) (limiting charge to twenty dollars) with MINN. STAT. ANN. § 604.113 (West 2012) (limiting charge to thirty dollars). Defendant argues that Minnesota law governs here because any check would have been sent by plaintiff to defendant in Minnesota, deposited in a Minnesota bank, and dishonored in Minnesota. Plaintiff responds, without citation to any legal authority, that New York law

5

"clearly" applies because plaintiff received the collection letter in New York.

"In federal question cases, federal courts generally apply a federal-law—as opposed to a state-law—choice of law analysis to determine which jurisdiction's substantive law is applicable." Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253, 2012 WL 1229414, at *7 (E.D.N.Y. Apr. 12, 2012) (citing Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 12-15 (2d Cir. 1996)). The federal choice of law analysis requires a court to "determine which state law to use by ascertaining and valuing points of contact between the transaction giving rise to the cause of action and the states or governments whose competing laws are involved." Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir. 1998) (internal quotation marks and alterations omitted).

Applying this analysis here, the Court agrees with defendant that Minnesota law is applicable. Although plaintiff received the letter in New York, the transaction's most significant "points of contact" would have been with Minnesota. Defendant's practice at the time in question was to deposit all checks from debtors at one of several bank branches located in Minnesota. Defendant's Affidavit [Docket Entry No. 3-2] at ¶ 5. Further, all debtors were given a Minnesota address to which to mail their payment. Id. at ¶ 7. Moreover, since any bad check returned by plaintiff would have been presented for payment and dishonored in Minnesota, Minnesota law would govern the transaction. See RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 217 ("Details of presentment, payment, protest and notice of dishonor are determined by the local law of the state where these activities take place."). Plaintiff provides no authority to support his argument that New York law limits the liability of any New York resident, regardless of the circumstances of the particular transaction. Accordingly, and because the dishonored

6

check service charge is permissible under Minnesota law, defendant's letter is neither inaccurate nor deceptive.

> D.     Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to amend the complaint to assert various other alleged FDCPA violations by defendant. As the proposed amendments would be futile, the motion is denied.

A party may amend a pleading once as a matter of course within twenty-one (21) days of serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Whether to grant leave to amend is "within the discretion of the trial court," Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971), and leave may be denied for "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Richard Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks omitted).

As plaintiff's request to amend the complaint was made past the twenty-one (21) day deadline, and defendant has not consented to the amendment, the Court's leave is required for plaintiff to amend. Although the proposed amended complaint is unclear, it appears that plaintiff seeks to amend his pleading to add claims that: (1) the dishonored check fee notice was not "conspicuously displayed" in violation of Minnesota law, see MINN. STAT. ANN. § 604.113(2)(a) (West 2012); (2) the defendant's implicit threat to collect "additional civil penalties" violated 15

7

U.S.C. § 1692f(1); and (3) the letter violated 15 U.S.C. § 1692e(3), which prohibits a "false representation or implication that any individual is an attorney or that any communication is from an attorney," because plaintiff's account was not reviewed by an attorney before defendant sent the letter. Plaintiff's Cross-Motion to File an Amended Complaint [Docket Entry No. 11].

The first proposed claim asserts only a violation of Minnesota state law and thus fails to state a claim under the FDCPA. See Richardson v. AllianceOne Receivables Mgmt., Inc., No. 03 Civ. 5519, 2004 WL 867732, at *2 (S.D.N.Y. Apr. 23, 2004) ("[A]n alleged violation of state or local law . . . is insufficient to state a claim under the FDCPA.").

Plaintiff's second proposed claim fails to identify a violation of law. The letter merely advises the recipient, in accordance with Minnesota law, see MINN. STAT. ANN. § 604.113(2)(a), that "additional civil penalties may be imposed for nonpayment." Plaintiff does not allege that the collection of such penalties was prohibited by law or that defendant's representation that it might seek such penalties was false, deceptive, or misleading.

The third proposed claim alleges a violation of 15 U.S.C. § 1692e(3) because the letter was "mass produced" and contained an attorney's "facsimile signature." In support of this argument, plaintiff cites Clomon v. Jackson, in which the Second Circuit stated that "there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e." 988 F.2d 1314, 1321 (2d Cir. 1993). However, a communication from an attorney which clearly advises that the "law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney," Greco, 412 F.3d at 364, is an exception to the general rule. Defendant's letter contained a disclaimer sufficient to satisfy this standard: "We have not independently verified

8

this claim, but rather relied on the information provided to us by our client." See id. at 361 (finding no FDCPA violation where letter stated: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.").

As each of the proposed amended claims fail as a matter of law, the motion for leave to amend is denied.

III.     Conclusion

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for leave to amend the complaint is DENIED. The Clerk of Court is respectfully directed to close this case.


**SO ORDERED.**



                                        s/ Sandra J. Feuerstein
                                        _____
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated:          September 27, 2012
                Central Islip, New York.